# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

FILED

**May 23, 2016**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

*In re*: **A.M.**

**No. 16-0110** (Nicholas County 15-JA-75)


## MEMORANDUM DECISION

Petitioner Father J.M., by counsel Gregory W. Sproles, appeals the Circuit Court of Nicholas County's January 6, 2016, order terminating his parental rights to A.M. The West Virginia Department of Health and Human Resources ("DHHR"), by counsel S.L. Evans, filed its response in support of the circuit court's order. The guardian ad litem, Julia R. Callaghan, filed a response on behalf of the child also in support of the circuit court's order. On appeal, petitioner alleges that the circuit court erred in finding that he had not substantially corrected the conditions of abuse and neglect from a prior involuntary termination of his parental rights to older children and denying his motion for an improvement period.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In August of 2015, the DHHR filed an abuse and neglect petition against the parents. As to petitioner, the DHHR alleged that he previously had his parental rights to five older children involuntarily terminated upon allegations of drug abuse.[1] The petition further alleged that the mother gave birth to A.M. in August of 2015, and tested positive for multiple controlled substances on several occasions during the pregnancy. Additionally, the child tested positive for benzodiazepines upon her birth. As such, the DHHR alleged that the parents failed to correct the conditions of abuse and neglect present in the prior proceeding. That same month, the parents waived their right to a preliminary hearing. The DHHR later filed an amended petition and alleged that the prior involuntary termination of parental rights was also based on the conditions of the home. The DHHR further alleged that the inappropriate conditions in the home persisted. Finally, the DHHR alleged that since the initial petition's filing, petitioner tested positive on drug screens, but he claimed that he had a prescription for Subutex from a clinic in Pittsburgh, Pennsylvania.

---

[1]Petitioner appealed the dispositional order terminating his parental rights to these older children, and this Court affirmed the same. *See In re: Z.M., A.M., D.R., T.M., & J.B.*, No. 14-0283, 2014 WL 4799387 (W.Va. Sept. 22, 2014)(memorandum decision).

1

In September of 2015, the circuit court held an adjudicatory hearing, during which petitioner admitted to using opiates, including Subutex, which he paid $250 per month to obtain and made no efforts to wean off of the drug. Additionally, the circuit court found that petitioner refused inpatient substance abuse treatment as recently as August of 2015. Accordingly, the circuit court found that petitioner was still addicted to controlled substances. Moreover, a Child Protective Services ("CPS") worker testified about poor conditions in the home, leading the circuit court to find that petitioner could not provide the child with a safe and suitable home. Ultimately, the circuit court found that the conditions of abuse and neglect that existed in the prior proceeding continued unabated.

The circuit court held a dispositional hearing in December of 2015. Despite petitioner's presence in the courtroom prior to the hearing, he left before the hearing began and did not return. He was, however, represented by counsel. After taking evidence, the circuit court found that petitioner failed to provide the DHHR with documentation showing the treatment he claimed to be receiving at a Subutex clinic and that the parents spent approximately $600 on the drug per month, despite a lack of income. Moreover, the circuit court found that the DHHR arranged for inpatient treatment, but petitioner refused to submit for such treatment. Additionally, the circuit court found that despite certain attempts at remediation, the home remained unsuitable due to mold, water, and other hazardous materials entering the living areas. As such, the circuit court found there was no reasonable likelihood the conditions of abuse and neglect could be substantially corrected and that termination of parental rights was in the child's best interest. Ultimately, the circuit court terminated petitioner's parental rights. It is from the dispositional order that petitioner appeals.

The Court has previously established the following standard of review:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). Upon our review, the Court finds no error in the proceedings below. We have previously held that

> [w]here there has been a prior involuntary termination of parental rights to a sibling, the issue of whether the parent has remedied the problems which led to the prior involuntary termination sufficient to parent a subsequently-born child

2

must, at minimum, be reviewed by a court, and such review should be initiated on a petition pursuant to the provisions governing the procedure in cases of child neglect or abuse set forth in West Virginia Code §§ [49-1-101 through 49-7-304]. Although the requirement that such a petition be filed does not mandate termination in all circumstances, the legislature has reduced the minimum threshold of evidence necessary for termination where one of the factors outlined in West Virginia Code § [49-4-605(a)] is present.

*In re Kyiah P.*, 213 W.Va. 424, 427, 582 S.E.2d 871, 874 (2003) (quoting Syl. Pt. 2, *In the Matter of George Glen B.*, 205 W.Va. 435, 518 S.E.2d 863 (1999)). While petitioner argues that he corrected the conditions of abuse and neglect present in the prior proceeding, the Court does not agree. Specifically, petitioner argues that his addiction to controlled substances was corrected by his enrollment in a Subutex clinic and further participation in Narcotics Anonymous meetings. However, there is no evidence in the record, beyond petitioner's own self-serving testimony, that he was participating in any such program. In fact, the circuit court specifically found that petitioner "failed to provide documentation to the . . . DHHR showing the treatment [he] claimed to have been receiving at the Subutex clinic." Moreover, the circuit court further found that the DHHR arranged for inpatient treatment for petitioner, but he refused to submit to the same. Based upon this evidence, the circuit court specifically found that petitioner was still habitually addicted to controlled substances to the extent that his parenting skills were seriously impaired, one of the same conditions of abuse and neglect that served as the basis for the prior involuntary termination of his parental rights to older children.

Moreover, the circuit court also found that certain remediation efforts in the home "still [did] not prevent water, mold, bugs and other health hazards from entering into the living areas." As such, the circuit court found that the home was not suitable for the child, another condition of abuse and neglect upon which petitioner's prior involuntary termination of parental rights was based. While petitioner argues that one parenting provider indicated that there were no safety issues in the home, petitioner's argument ignores additional evidence that mold permeated the home and that it lacked working lights in all but two rooms, among other unsuitable conditions. As such, it is clear that the circuit court had sufficient evidence upon which to find that petitioner failed to correct the prior conditions of abuse and neglect. We find no error in this regard.

Finally, petitioner argues that the circuit court erred in denying his motion for a post-adjudicatory improvement period. Citing *In re Kyiah P.*, petitioner argues that he was entitled to an improvement period because the circuit court was required to allow for the development of evidence regarding his prior involuntary termination of parental rights. The Court, however, notes that petitioner's reliance on this case is misplaced. The circuit court complied with our prior holding in that it allowed for petitioner to develop evidence regarding what steps, if any, he took to correct the conditions of abuse and neglect from the prior proceeding. Contrary to petitioner's argument, our prior holding in *In re Kyiah P.*, does not impose a requirement to grant a parent an improvement period when an abuse and neglect petition is filed upon allegations of prior involuntary terminations of parental rights.

Further, petitioner additionally misstates the applicable law regarding the granting of improvement periods by arguing that "the [c]ircuit [c]ourt did not clearly enunciate that clear and

convincing proof had been presented which proved that an improvement period would be pointless." The correct standard for the granting of a post-adjudicatory improvement period is found in West Virginia Code § 49-4-610(2)(B), which clearly states that a parent seeking such an improvement period must "demonstrate[], by clear and convincing evidence, that the [parent] is likely to fully participate in the improvement period." In this matter, the evidence shows that petitioner failed to satisfy this burden. Specifically, the circuit court found that petitioner has "a history of participating minimally, but not fully in services." Moreover, the circuit court additionally found that petitioner's failure to appear for disposition evidenced his "willful fail[ure] to comply in formulating a reasonable family case plan." As such, it is clear that the circuit court had sufficient evidence upon which to find that petitioner was not likely to fully participate in a post-adjudicatory improvement period, and we find no error in its denial of the same.

For the foregoing reasons, we find no error in the decision of the circuit court, and its January 6, 2016, order is hereby affirmed.

Affirmed.

**ISSUED**: **May 23, 2016**

**CONCURRED IN BY**:

Chief Justice Menis E. Ketchum
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II

4